## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>                    v.<br><br>All Funds in KeyBank Account #454601002131, held in the name of Dylen Rivt Spe LLC,<br><br>                              Defendant. | Civil Action No.:  **1:22-cv-1356 (DNH/ATB)** |

## <u>VERIFIED COMPLAINT FOR FORFEITURE *IN REM*</u>

Plaintiff, United States of America, by its attorneys, Carla B. Freedman, United States Attorney for the Northern District of New York, and Elizabeth Conger, Assistant United States Attorney, brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Funds") and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure and Title 18, United States Code, Section 981.

## <u>THE PARTIES</u>

1.      The Plaintiff is the United States of America.

2.      The Defendant Funds consist of all funds in KeyBank Account #454601002131 held in the name of Dylen Rivt Spe LLC.

## <u>BASIS FOR FORFEITURE</u>

3.      This action *in rem* is brought pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and (C) as the proceeds of, and property involved in, violations of Title 18, United States Code, Sections 1343 (wire fraud) and 1957 (engaging in monetary transactions in property

derived from specified unlawful activity) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G").

4.      Title 18, United States Code, Section 981(a)(1)(A) provides for the forfeiture of: "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property." 18 U.S.C. § 981(a)(1)(A).

5.      Title 18, United States Code, Section 981(a)(1)(C) provides for the forfeiture of: "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of … any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." 18 U.S.C. § 981(a)(1)(C).

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355.

7.      Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345.

8.      Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

9.      This Court has *in rem* jurisdiction over the Defendant Funds and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in . . . the district court for the district in

which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

## FACTS

10.    In October 2020, the Federal Bureau of Investigation ("FBI") initiated an investigation into a scheme where, among other things, malicious actors sought to fraudulently obtain funds located in bank accounts held by Bank-1 customers using imposter Bank-1 websites.

11.    Bank-1 is headquartered in Ohio, with numerous branches local in the Northern District of New York.

12.    The malicious actors who perpetrated the fraud used imposter Bank-1 websites to steal online banking credentials belonging to victims and then used the fraudulently obtained information to access the victims' legitimate bank accounts.  Once they accessed victims' legitimate bank accounts with the fraudulently obtained credentials, they would then transfer the money from the victims' accounts into to other accounts.

13.    The imposter Bank-1 websites created by the perpetrators are designed to mimic Bank-1's website, as they have a nearly identical domain name and are nearly identical looking when compared to Bank-1's legitimate online banking services portal.

14.    Like other websites that were later identified by the FBI, the first imposter Bank-1 website (the "First Imposter Bank-1 Site") functioned as a credential harvesting site.  By mimicking Bank-1's legitimate online banking portal, it tricked visitors into entering their credentials for that portal, providing the perpetrators with access to the visitors' banking credentials.

15.    Since at least October 8, 2020, and continuing to approximately November 10, 2020, whenever someone searched for Bank-1's legitimate online banking services portal through

3

the online search engine Google.com, the First Imposter Bank-1 Site was presented as the first advertisement in the ensuing search results.

16.     Consequently, someone searching for Bank-1's legitimate online banking services portal using Google could inadvertently navigate to the First Imposter Bank-1 Site and enter their online banking credentials into that site.

17.     On or about October 8, 2020, Agency-1, a governmental agency headquartered in the Northern District of New York, had its credentials stolen and money unlawfully transferred by the perpetrators of this scheme.

18.     On that date, a Senior Accountant at Agency-1, "J.T.," navigated to the First Imposter Bank-1 Site through Google and entered her credentials for Bank-1's legitimate online banking services portal.  J.T.'s credentials were linked to a Bank-1 account held by Agency-1 as part of her role at Agency-1.

19.     On or about October 8 and 9, 2020, a perpetrator logged into Bank-1's legitimate online banking services portal using the credentials J.T. had previously entered into the First Imposter Bank-1 Site.

20.     The perpetrators then initiated ten authorized ACH transfers from the account held at KeyBank in Agency-1's name, which are set forth below:

        Amount: $132,392.44
        Recipient Name: DYLEN RIVT SPE LLC
        Recipient Bank:  Bank of America, N.A.

        Amount: $132,700.00
        Recipient Bank:  JP Morgan Chase, N.A.

        Amount: $128,423.00
        Recipient Bank: Bank of America, N.A.

        Amount: $248,759.00
        Recipient Bank: Bank of America, N.A.

Amount: $89,567.00
Recipient Bank:  Wells Fargo Bank, N.A.

Amount: $118,734.00
Recipient Bank: US Bank N.A.

Amount: $192,423.00
Recipient Bank: Bank of America, N.A.

Amount: $165,735.00
Recipient Bank: Bank of America, N.A.

Amount: $148,729.00
Recipient Bank: JP Morgan Chase, N.A.

Amount: $189,453.29
Recipient Bank: Bank of America, N.A.

21.     None of the ACH transfers set forth above were authorized by Agency-1.

22.     As described above, one of the accounts that received funds stolen from Agency-1 was held in the name of "Dylen Rivt Spe LLC."

23.     The registered agent for the Bank of America Account held in the name of Dylen Rivt Spe LLC (the "BoA Account") is Individual-1, a Vermont resident.

24.     When interviewed by the FBI, Individual-1 said that the BoA Account was set up for him as part of a job that he started in or about May 2020.

25.     Individual-1 stated that the company was created by his supervisor, Individual-2, who worked for Company-1 .

26.     The FBI has determined that Company-1 consisted of no more than a website that was created to present the fraudulent business to be legitimate.

27.     Individual-1 stated that Individual-2 told him that Company-1 was a startup business, and that Individual-1would be receiving and holding the venture capital funds for Company-1 in the BoA Account.

5

28.     In October 2020, Individual-1 received approximately $264,000 in two transactions into the BoA Account.

29.     The first transaction was quickly backed out of the BoA Account. Individual-1 told the FBI that Individual-2's explanation for this event was that the supposed investor in Company-1 had fallen through.

30.     The second transaction remained in the BoA Account, and Individual-1 was told that it would be transferred to a cryptocurrency account.

31.     Individual-2 said that she would email Individual-1 the wiring instructions for this transfer, but Individual-1 never received instructions from Individual-2.

32.     At some point in October 2020, Bank of America, N.A. closed the BoA Account and sent Individual-1 a check for the remaining balance of $132,378.87.

33.     Individual-1 stated that Individual-2 instructed him to open a new bank account, resulting in his opening of the account that is the subject of this civil forfeiture matter, KeyBank account #454601002131 in the business name Dylen Rivt Spe LLC.

34.     The funds were deposited into KeyBank account #454601002131 in the business name Dylen Rivt Spe LLC via check on October 29, 2020.

## CONCLUSION

35.     The facts set forth above support a reasonable belief, as required by Supplemental Rule G(2)(f), that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff, the United States of America, respectfully requests that the Court:

(1)     Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2)   Direct any person having any claim to the Defendant Funds to file and serve a Verified Claim and Answer as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G(5)(a) and (b);

(3)   Enter judgment declaring the Defendant Funds be forfeited and condemned to the use and benefit of the United States; and

(4)   Award such other and further relief to the United States as it deems proper and just.

Dated: December 13, 2022

Respectfully submitted,

CARLA FREEDMAN
United States Attorney

By:   /s/ Elizabeth A. Conger
      Elizabeth A. Conger
      Assistant United States Attorney
      Bar Roll No. 520872

VERIFICATION

STATE OF NEW YORK          )
                           )  ss:
COUNTY OF ALBANY           )


Giedrius Knysas, being duly sworn, deposes and states:

I am a Special Agent with the Federal Bureau of Investigation.  I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 14 day of December, 2022.


_____
Giedrius Knysas
Special Agent
Federal Bureau of Investigation


Sworn to and subscribed before me this _____14th_____ day of December, 2022.

_____
Notary Public

KATIE L. WALL
Notary Public, State of New York
Reg. #01WA6253406  Schenectady
Appointed in ~~Rensselaer~~ County
My Commission Expires 12/19 2023

8